IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʿI

| | |
|---|---|
| LAYLA SHEIKH,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII DEPARTMENT OF HUMAN SERVICES; THE STATE OF HAWAII; JOHN AND JANE DOES 1-15,<br><br>Defendants. | CIVIL NO. 12-00701 DKW-BMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Layla Sheikh ("Plaintiff" or "Sheikh"), a refugee who immigrated to

the United States from Somalia in 1998, initiated this action against the State of

Hawaiʿi and the Hawaiʿi Department of Human Services ("Defendants"), alleging

a denial of due process, ineffective assistance of counsel, and a denial of access to

the courts, all because her child custody termination proceedings in state court were conducted without a needed interpreter.  Because Sheikh concedes the State has not waived sovereign immunity, and because she seeks to collaterally attack the State's custody determination, in violation of *Rooker-Feldman*, the State's motion for summary judgment is granted.

## BACKGROUND

In 2010, the Hawai'i Family Court of the Second Circuit awarded permanent custody of Plaintiff's two children to the Hawai'i Department of Human Services ("DHS"), following years-long efforts by DHS to work with Plaintiff to allow her to keep her children.  Plaintiff appealed the permanent custody decision, which the Intermediate Court of Appeals of the State of Hawai'i ("ICA") summarily affirmed.  The Supreme Court of the State of Hawai'i then denied Plaintiff's application for writ of certiorari.  *See* Decl. of Kendall J. Moser ("Moser Decl.") Exs. B, C.

Plaintiff initiated this action on December 27, 2012, requesting "[t]hat the adoption of Plaintiff's children, M.A.A. and H.H.W., be set aside, and the children returned to Plaintiff."  Complaint at 13.  Specifically, Sheikh asserts the following claims, all of which allegedly arose out of her custody proceedings:

<u>Count I</u>:     42 U.S.C. § 1983, denial of due process by conducting custody termination proceedings without an interpreter;

Count II:    42 U.S.C. § 1983, denial of Plaintiff's right to effective assistance of counsel by conducting custody termination proceedings without an interpreter;

Count III:   42 U.S.C. § 1983, denial of Plaintiff's right to access to the courts by conducting custody termination proceedings without an interpreter;

Count IV:    Declaratory relief related to illegal drug use and a determination of neglect; and

Count V:     Declaratory relief related to use of medical marijuana and a determination of neglect.

Complaint at 10–13.  Although filed in December 2012, Sheikh did not serve the Complaint on Defendants until July 2013.

Defendants now move for summary judgment on all claims.  Plaintiff counter-moves for partial summary judgment, asserting that the denial of an interpreter during her custody proceedings was a violation of her constitutional rights, actionable under 42 U.S.C. § 1983.[1]

## STANDARD OF REVIEW

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case.  A

---

[1]As part of the briefing on Plaintiff's motion, Plaintiff sought a belated extension to file her reply brief after it was due. Dkt. no. 48. The Court grants the request only because Plaintiff is appearing pro se.  The reply does not alter the Court's conclusion that Defendants are entitled to summary judgment.

3

'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). Thus, the moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party satisfies its burden, the nonmoving party must set forth "'significant probative evidence'" in support of its position. *T.W. Elec. Serv.*, 809 F.2d at 630 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion," and can do so by either "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## DISCUSSION

Defendants move for summary judgment because Plaintiff's claims are barred by sovereign immunity, which Defendants have not waived.  Plaintiff candidly admits that "the State Defendants have not waived their sovereign immunity . . . ."  Plaintiff's Opp. at 6.  Accordingly, Defendants are entitled to summary judgment on Counts I, II, and III.

Pursuant to the Eleventh Amendment, states cannot be sued in federal court, whether by their own citizens or citizens of another state.  *Papasan v. Allain*, 478 U.S. 265, 275 (1986).  The Eleventh Amendment also bars federal court actions against state agencies or instrumentalities, such as DHS.  *Shaw v. State of Cal. Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986).  Congress has the power to abrogate the sovereign immunity of states, but must do so by enacting a statute which "explicitly and by clear language indicate[s] on its face an intent to sweep away the immunity of the States."  *Quern v. Jordan*, 440 U.S. 332, 332 (1979).

There is no dispute between the parties that neither the State of Hawaii nor DHS have waived sovereign immunity for claims brought pursuant to Section 1983.  Nor did Congress abrogate a state's Eleventh Amendment immunity when enacting Section 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989).  Accordingly, Defendants are entitled to summary judgment on Counts

I, II, and III.[2]  To the extent that sovereign immunity may not warrant summary judgment on Counts IV and V, the Court nevertheless grants summary judgment on those counts as well, as discussed below.

Defendants also move for summary judgment because this action is barred by the *Rooker-Feldman* doctrine.  Plaintiff counters that her Complaint "is not seeking to re-litigate the underlying State Court judgment."  Plaintiff's Opp. at 4.  The Court concludes, however, that at least as to Counts IV and V, Plaintiff is effectively seeking appellate review of the family court's custody determination. This is evident by Plaintiff's prayer, which asks this Court to "set aside" the State's custody determination.

This Court may not exercise appellate jurisdiction over state court decisions.  Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"  *Bennett v.*

---

[2]In opposition, Plaintiff contends that summary judgment should be denied because of the existence of unidentified Doe defendants.  However, as dictated by the Rule 16 Scheduling Order, the deadline to join additional parties expired nearly six months ago on November 8, 2013.  Plaintiff made no effort to either amend the scheduling order or to name any new defendants.  Indeed, even now, Plaintiff has not identified any new defendants that are not subject to immunity.  It is too late to defer entry of summary judgment in Defendants' favor based on nothing more than hypothetical musings.

*Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).  The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented.  Jurisdiction is lacking even if the state court decision is challenged as unconstitutional.  Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court.

The Court recognizes that *Rooker-Feldman* does not apply to a constitutional challenge that does not require review of a final state court decision. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001).  This, however, is not such a case.  Here, Counts IV and V ask this Court to reconsider some of the grounds determined by DHS and the family court to be a basis for placing custody of Sheikh's children with DHS.  *See, e.g.*, Complaint ¶ 73 ("Plaintiff[] request[s] a judicial declaration that a parent's use of medical marijuana does not in and of itself constitute neglect under Hawaiian law.").  That is, the present action is essentially an attempt by Plaintiff to have this Court review and overturn the family court's decision.  The Court is without jurisdiction to act upon such a request.  Accordingly, Defendants are also entitled to summary judgment on Counts IV and V.

## CONCLUSION

The Court hereby grants Defendants' motion for summary judgment

on all counts and denies Plaintiff's motion for partial summary judgment.  The

clerk of court is directed to close the case.

IT IS SO ORDERED.

DATED:  HONOLULU, HAWAI'I, March 31, 2014.



_____
Derrick K. Watson
United States District Judge

---

Sheikh v. Hawaii Department of Human Servs., et al.; CV 12-00701 DKW/BMK;
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT